# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Sarah Slaughter**, | |
| Plaintiff, | Case No. |
| v. | |
| **Diversified Consultants, Inc.**, | Complaint and Demand for Jury Trial |
| Defendant. | |

## COMPLAINT

**Sarah Slaughter** (Plaintiff), by and through her attorneys, **The Law Firm of Mitch Luxenburg**, alleges the following against **Diversified Consultants, Inc.** (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Ohio and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Ohio.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

1

## PARTIES

5. Plaintiff is a natural person residing in Reynoldsburg, Ohio 43068.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida 32256.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this phone number as a cellular telephone.

12. Beginning in or around October 2017 and continuing through around late January 2018, Defendant repeatedly called Plaintiff on her cellular telephone.

13. During this time, Defendant contacted Plaintiff using an automated telephone dialing system and/or pre-recorded voice.

14. Plaintiff knew that Defendant's calls were automated calls as the calls would start with a prerecorded or automatically-generated voice and/or a pause or delay before being connected with Defendant's live representatives.

15. Plaintiff also received voicemails from Defendant with a prerecorded or automatically-generated voice.

16. In or around January 2018, Plaintiff told Defendant that did not wish to be contacted.

17. On subsequent calls through late January 2018, Plaintiff repeated her instruction to Defendant not to call.

18. Once Defendant was informed that Plaintiff needed more information, that its calls were too frequent and unwanted, and that Plaintiff wanted it to stop calling, its continued calls could have served no lawful purpose.

19. Despite Plaintiff's clear demand to refrain from calling her, Defendant persisted in calling Plaintiff multiple times through to around late January 2018.

20. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

## COUNT II
## DEFENDANT VIOLATED THE TCPA

21. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone unless otherwise expressly permitted by law. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendant initiated repeated calls to Plaintiff's cellular telephone.

24. Defendant initiated these calls to Plaintiff using an automatic telephone dialing system.

25. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number with a prerecorded or automatically generated voice.

26. Defendant's calls to Plaintiff's cellular telephone were not made with Plaintiff's prior express consent.

27. Defendant's calls to Plaintiff's cellular telephone were not made for emergency purposes.

28. Defendant's conduct violated the TCPA by placing repeated calls using an automatic telephone dialing system and/or prerecorded or automated voice to Plaintiff's cellular telephone.

29. The TCPA provides that where a defendant willfully or knowingly violated the TCPA or regulations prescribed thereunder, the Court may impose treble damages. 47 U.S.C. § 227(b)(3).

30. When Defendant called Plaintiff from around October 2017 through around late January 2018, it knew no later than Plaintiff's instruction to stop calling around January 2018 that it did not have prior express consent to call Plaintiff.

31. When Defendant called Plaintiff from around October 2017 through around late January 2018, it knew it was placing calls to Plaintiff's cellular telephone.

32. Defendant's violation of the TCPA was therefore either willful or knowing starting no later than the date of Plaintiff's first instruction to stop calling.

33. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above, entitling Plaintiff to injunctive relief and an award of statutory, actual, and treble damages.

**Wherefore**, Plaintiff, **Sarah Slaughter**, respectfully prays for judgment as follows:

    a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

  b.  Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

  c.  Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

  d.  Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

  e.  Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Sarah Slaughter**, demands a jury trial in this case.

Respectfully submitted,

Dated: 2/11/19

By: *s/ Mitchel Luxenburg*
Mitchel Luxenburg, Esq. (Bar #0071239)
The Law Firm of Mitch Luxenburg
P.O. Box 22282
Beachwood, OH 44122
Phone: 216-452-9301
Facsimile: 866-551-7791
Email: mitch@mluxlaw.com